# IN THE COURT OF APPEALS OF IOWA

No. 20-0071
Filed June 3, 2020

**IN THE INTEREST OF S.B.,**
**Minor Child,**

**S.B., Mother,**
       Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Jane M. White of Jane M. White Law Office, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Karl Wolle of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights. The mother contests the grounds for termination, claims termination is not in the child's best interests, and requests an additional six months to achieve reunification. We affirm.

## I. Background Facts & Proceedings

S.B. and her husband are parents to a child, born in 2017. In November 2018, the parents placed the child for a time with a family friend because they were unable to care for the child following a major surgery for the mother. In January 2019, the court ordered the child's removal from the parents and placement in foster care. The court noted the parents had a history of domestic violence, the father had untreated substance-abuse problems and mental-health needs, and the mother was suffering from a significant medical condition. The child was adjudicated a child in need of assistance (CINA) in February.

The mother's medical condition affected her ability to participate fully in visitation and services. Due to extended recovery from her surgery, the mother was physically unable to care for her own needs, much less supervise the child alone, and generally struggled with mobility. During visits, she relied on the Family Safety, Risk, and Permanency (FSRP) provider to feed the child and herself, supervise the child's play, and change the child's diaper. Visits were moved from the home in late summer due to concerns of the cleanliness and safety of the home, and the mother struggled to attend visits despite rides being offered by providers and friends.

The father interfered with the mother's visits and services and did not provide the mother necessary aid in her recuperation. Throughout the case, the father continued his pattern of domestic violence against the mother and regularly used controlled substances. Domestic violence services were offered to both parents, but neither cooperated. Domestic violence incidents continued to occur throughout the case, and the parents continued to live together at the time of the termination hearing.

The court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) (2019).[1] She appeals.

## II. Standard of Review

We review termination-of-parental-rights cases de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). "Grounds for termination must be proven by clear and convincing evidence." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). The paramount concern in termination proceedings is the best interests of the child. *Id.*

## III. Analysis

**A. Grounds for termination.** The mother contends the State has not proved the grounds for termination by clear and convincing evidence. The court terminated her rights under Iowa Code section 232.116(1)(h).

> Under Iowa Code section 232.116(1)(h), the court may terminate the rights of a parent to a child if: (1) the child is three years old or younger, (2) the child has been adjudicated a CINA under section 232.96, (3) the child has been out of the parent's custody for at least six of the last twelve months or the last six consecutive months, and (4) "[t]here is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time."

---

[1] The court also terminated the father's parental rights. He does not appeal.

*A.M.*, 843 N.W.2d at 110–11 (alteration in original) (quoting Iowa Code § 232.116(1)(h)).

The mother argues there is insufficient evidence of the fourth element. The mother asserts that at the time of termination, she had obtained safe and appropriate housing,[2] her medical conditions were improving, and soon she could care for herself and the child. However, the father also lived in the new apartment and had yet to participate or cooperate with the offered services. The mother had been able to change a diaper for the first time one week before the termination hearing and remained physically unable to care for the child full-time.

Between the father's presence in the home and the mother's inability to fully care for the child on her own, the child could not be returned to the mother at the time of the termination hearing.

**B. Best interests of the child.** The mother claims termination of her parental rights is not in the child's best interests due to the bond between her and the child.

When determining the best interests of the child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *accord A.M.*, 843 N.W.2d at 112. We consider immediate and long term interests, considering the parent's "past performance because it may indicate the quality of care the parent is capable of providing in the future." *J.E.*, 723 N.W.2d at 798 (citation omitted).

---

[2] The parents had just signed a lease together on a new residence.

We find no evidence the child looks to the mother to provide any sort of care, or that the mother is capable of meeting the child's needs. We do not doubt the mother loves the child, but she is unable to meet her own needs or provide for the child and lacks adequate support to help ensure the child is cared for. The mother continues in an unsafe relationship with the father and has not shown she is able to protect herself or the child from the father's abuse. Termination of the mother's rights is in the child's best interests.

**C. Six-month extension.** Finally, the mother requests additional time to achieve reunification with the child. The mother had another surgery scheduled after the termination hearing, which might improve her mobility. She asserts that once healed from the surgery, she will be able to care for herself and the child and will separate from her abusive husband.

"[O]ur legislature has carefully constructed a time frame to provide a balance between the parent's efforts and the child's long-term best interests." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). After the statutory time period for termination has passed, termination is viewed with a sense of urgency. *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). While the court may grant an additional six months to achieve reunification, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

Regarding her potential recovery, the mother has not provided any information from her medical providers indicating she would be physically able to

care for the child within six months—with or without her scheduled surgery. Beyond her physical limitations, we see no indication the mother has made plans to separate from her abusive husband, much less taken any steps to do so.

We do not require young children to wait for a stable and responsible parent. *D.W.*, 791 N.W.2d at 707. The child deserves a safe, stable, and permanent home, which the mother cannot provide. An extension is unwarranted. We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**